UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

AT LAW AND IN ADMIRALTY

MATTHEW D. SCHULTZ,

      Plaintiff

v.

CELEBRITY CRUISES, INC.,

      Defendant.

_____/

## COMPLAINT FOR DAMAGES

The Plaintiff hereby sues the Defendant and files this Complaint for Damages and says:

## THE PARTIES AND JURISDICTION

1.      This is an action for damages that exceed $75,000 exclusive of interest, costs, and attorney's fees.

2.      **THE PLAINTIFF.**  The Plaintiff, MATTHEW D. SCHULTZ, is sui juris and is a resident of St. Cloud, Florida.

3.      **THE DEFENDANT**.  The Defendant, CELEBRITY CRUISES INC., (hereinafter referred to as CELEBRITY or Defendant or the cruise line), is incorporated outside of the state of Florida, but does business in the State of Florida, and at all times material hereto was and is doing business in Miami Dade County, Florida. At all times material hereto the Defendant owned and/or operated the cruise ship on which the subject negligence occurred.

1

4.     **FEDERAL SUBJECT MATTER JURISDICTION**.  This action arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333. Further, this action is being filed in Federal Court in Miami Dade County, Florida, as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

5.     **VENUE AND PERSONAL JURISDICTION**.  The Defendant, at all times material hereto, itself or through an agent or representative, in the County and in the District in which this Complaint is filed:

(a) Operated, conducted, engaged in or carried on a business venture in this state and/or county; and or

(b) Had an office or agency in this state and/or county; and/or

(c) Engaged in substantial activity within this state; and/or

(d) Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

6.     All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

### OTHER ALLEGATIONS COMMON TO ALL COUNTS

7.     **DATE OF THE INCIDENT**.  The incident occurred on July 30, 2018.

8.     **LOCATION OF THE INCIDENT.**    The incident occurred onboard the vessel CELEBRITY *Equinox*, a ship in navigable water while the Plaintiff was a passenger onboard. Accordingly the Plaintiff's claims are governed by the general maritime law. Specifically the Plaintiff's incident occurred on Deck 12 at a ping pong table near the pool.

2

9.      **STATUS OF PLAINTIFF AS OF DATE AND TIME OF THE INCIDENT.**  At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on the vessel.

10.     **DESCRIPTION OF THE INCIDENT:**  CELEBRITY owns and/or manages more than twenty cruise ships, including the CELEBRITY *Equinox*. On each and every ship there are areas which feature recreational activities including gaming tables and sports equipment for all passengers to use. CELEBRITY provides the gaming tables and sports equipment to passengers and invites them to use it. CELEBRITY knows that passengers are relaxed while on vacation and that passengers expect to be able to use the gaming tables and sports equipment to have fun with their friends, family, and fellow passengers.  CELEBRITY knows that the gaming tables and sports equipment are subject to significant wear and tear due to the high volume of passengers using the gaming tables and sports equipment from cruise to cruise. Because CELEBRITY knows this, CELEBRITY also knows that it must **regularly inspect** the gaming tables and sports equipment to make sure that they are in a safe condition and are fit for use by its passengers. CELEBRITY also knows that its employees must **provide adequate maintenance** to gaming tables and sports equipment and promptly replace or repair gaming tables and sports equipment that are unsafe or unfit for passenger use to prevent passengers from becoming injured.

11.     On the date of the subject incident, the Defendant provided a ping pong table, ping pong paddles, and ping pong balls to passengers including the Plaintiff to use for ping pong games. The Defendant's crewmembers adjusted the ping pong table in full view of the Plaintiff. After the crewmembers stopped adjusting the table and walked away, the Plaintiff's young child played ping pong with another young passenger. Shortly thereafter, the Plaintiff began playing ping pong with his older child. Suddenly and without warning, the ping pong table collapsed as the Plaintiff leaned

over the table and attempted to use a ping pong paddle to strike a ping pong ball. The Plaintiff was playing ping pong in the usual manner and was using the table as intended. The ping pong table was used in the manner in which, if not for negligent maintenance by the Defendant, it should not have broken.

12.     The collapse of the ping pong table would not in the ordinary course of events have occurred without negligence on the part of the one in control of the ping pong table and of its inspection and maintenance, that is, the Defendant cruise line.

13.     The negligent maintenance and defect in the ping pong table combined with Celebrity's failure to warn the Plaintiff, failure to properly train its crewmembers, and failure to properly supervise its crewmembers caused the ping pong table to break and fall down. As the ping pong table fell the Plaintiff, who had been leaning forward to strike the ping pong ball, fell to the ground and has suffered severe, debilitating, and permanent injuries to his left ankle. The fall fractured the talus bone of the Plaintiff's ankle and damaged the cartilage underneath the talus bone as well. The fracture and cartilage damage cause the Plaintiff pain, stiffness, and decreased mobility on a daily basis. The Plaintiff's symptoms are ongoing and are expected to continue in the future.

## COUNT I: NEGLIGENT MAINTENANCE

14.     The Plaintiff, MATTHEW D. SCHULTZ, hereby adopts and re-alleges each and every allegation in paragraphs 1 through 13, above.

15.     This is an action for negligence based on negligent maintenance. The Defendant failed to maintain the subject ping pong table reasonably under the circumstances and was negligent by allowing the subject ping pong table to fall into such disrepair that it collapsed while the Plaintiff was using it as the Defendant had invited him to do; failing to inspect and to inspect on a regular

basis the ping pong table on the subject cruise ship; failing to repair and maintain the recreational equipment including the subject ping pong table on the subject cruise ship; failing to have in place a regular maintenance program for the ping pong table on the subject cruise ship; failing to generate and require reasonable and adequate records of inspection and the maintenance of the recreational equipment including the ping pong table on the subject cruise ship; failing to replace recreational equipment including the ping pong table on the subject cruise ship on a regular, timed basis or on an as-needed basis after regular inspection; failing to provide a program or method of operation where the recreational equipment onboard the subject ship is routinely inspected, repaired, maintained, and/or replaced; and failing to remove ping pong tables on the subject ship which are not regularly inspected or are in disrepair.

16.     Due to the Defendant's negligent maintenance, the ping pong table collapsed as the Plaintiff attempted to use a ping pong paddle to strike a ping pong ball. When the table collapsed, the Plaintiff fell forward and landed on the deck. The fall proximately caused injuries and damage to the Plaintiff including but not limited a fracture of the talus bone of the Plaintiff's ankle and damage to the cartilage underneath the talus bone. The fracture and cartilage damage cause the Plaintiff pain, stiffness, and decreased mobility on a daily basis. The Plaintiff's symptoms are ongoing and are expected to continue in the future.

17.     **DUTIES OWED BY THE DEFENDANT.** The Defendant owed a "duty to exercise reasonable care for the safety of its passengers", including the Plaintiff herein. *See Hall v. Royal Caribbean Cruises, Limited*, 2004 WL 1621209 (Fla. 3d DCA 2004). The Defendant also owed a "duty to exercise reasonable care under the circumstances". *See Harnesk v. CELEBRITY Cruise Lines, Inc.*, 1991 WL 329584 (S.D. Fla. 1991). The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to, or may reasonably be expected to visit."

*See Vierling v. Celebrity Cruises, Inc.,* 339 F.3d 1309 (11th Cir. 2003) ("Courts sitting in admiralty have long recognized an obligation on the part of a carrier to furnish its passengers with a reasonably safe means of boarding and leaving the vessel, that this obligation is non-delegable, and that even the slightest negligence renders a carrier liable."); *Carlisle v. Ulysses Line Limited*, 475 So.2d 248 (Fla. 3d DCA 1985).

18.     The Defendant breached those duties and was negligent by failing to inspect and to inspect on a regular basis the ping pong table on the subject cruise ship; failing to repair and maintain the recreational equipment including the subject ping pong table on the subject cruise ship; failing to have in place a regular maintenance program for the ping pong table on the subject cruise ship; failing to generate and require reasonable and adequate records of inspection and maintenance of the recreational equipment including the ping pong table on the subject cruise ship; failing to replace recreational equipment including the ping pong table on the subject cruise ship on a regular, timed basis or on an as needed basis after regular inspection; failing to provide a program or method of operation where the recreational equipment onboard the subject ship is routinely inspected, repaired, maintained, and/or replaced; failing to remove ping pong tables on the subject ship which are not regularly inspected or are in disrepair.

19.     The Defendant had actual knowledge and/or constructive knowledge of the dangerous condition. The Defendant had actual knowledge of the dangerous condition because its crewmembers adjusted the ping pong table shortly before the Plaintiff's incident and could reasonably be expected to observe the dangerous condition. The Defendant had constructive knowledge of the dangerous condition by, inter alia, (a) the length of time the dangerous condition existed; (b) the nature of the dangerous condition; and/or (c) the fact that the dangerous condition,

a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity.

20.     The Defendant's negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; lost income in the past and lost income and income earning capacity in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past, and will continue to suffer them in the future.

WHEREFORE, the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and income earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT II: FAILURE TO WARN

21.     The Plaintiff, MATTHEW D. SCHULTZ, hereby adopts and re-alleges each and every allegation in paragraphs 1 through 13, above.

22.     This is an action for negligence based on the Defendant's failure to warn the Plaintiff of a danger known to the Defendant but not readily apparent to him. The Defendant breached the duty of reasonable care owed under the circumstances and was negligent by failing to place warning signs on or near the ping pong table informing passengers including the Plaintiff that the ping pong table was at risk of collapsing and failing to verbally warn passengers including the Plaintiff that the ping pong table was at risk of collapsing. Due to the Defendant's failure to warn, the Plaintiff used the ping pong table to play ping pong with his children in the normal, anticipated manner and did not realize he was at risk of injury. Suddenly and without warning, the ping pong table collapsed as the Plaintiff attempted to use a ping pong paddle to strike a ping pong ball. When the table collapsed, the Plaintiff fell forward and landed on the deck. The fall proximately caused injuries and damage to the Plaintiff including but not limited a fracture of the talus bone of the Plaintiff's ankle and damage to the cartilage underneath the talus bone. The fracture and cartilage damage cause the Plaintiff pain, stiffness, and decreased mobility on a daily basis. The Plaintiff's symptoms are ongoing and are expected to continue in the future.

23.     **DUTIES OWED BY THE DEFENDANT.**  The Defendant owed a "duty to exercise reasonable care for the safety of its passengers", including the Plaintiff herein. *See Hall v. Royal Caribbean Cruises, Limited*, 2004 WL 1621209 (Fla. 3d DCA 2004). The Defendant also owed a "duty to exercise reasonable care under the circumstances". *See Harnesk v. CELEBRITY Cruise Lines, Inc.*, 1991 WL 329584 (S.D. Fla. 1991). The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to, or may reasonably be expected to visit." *See Vierling v. Celebrity Cruises, Inc.,* 339 F.3d 1309 (11th Cir. 2003) ("Courts sitting in admiralty have long recognized an obligation on the part of a carrier to furnish its passengers with a reasonably safe means of boarding and leaving the vessel, that this obligation is non-delegable,

and that even the slightest negligence renders a carrier liable."); *Carlisle v. Ulysses Line Limited*, 475 So.2d 248 (Fla. 3d DCA 1985).

24.     The Defendant breached those duties and was negligent by failing to place warning signs on or near the ping pong table informing passengers including the Plaintiff that the ping pong table was at risk of collapsing and failing to verbally warn passengers including the Plaintiff that the ping pong table was at risk of collapsing.

25.     The Defendant had actual knowledge and/or constructive knowledge of the dangerous condition. The Defendant had actual knowledge of the dangerous condition because its crewmembers adjusted the ping pong table shortly before the Plaintiff's incident and could reasonably be expected to observe the dangerous condition. The Defendant had constructive knowledge of the dangerous condition by, inter alia, (a) the length of time the dangerous condition existed; (b) the nature of the dangerous condition; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity.

26.     The Defendant's negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; lost income in the past and lost income and income earning capacity in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past, and will continue to suffer them in the future.

WHEREFORE, the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and income earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT III: NEGLIGENT TRAINING

27.     The Plaintiff, MATTHEW D. SCHULTZ, hereby adopts and re-alleges each and every allegation in paragraphs 1 through 13, above.

28.     This is an action for negligence based on the Defendant's negligent training of its crewmembers. The Defendant breached the duty of reasonable care owed under the circumstances and was negligent by failing to reasonably train its crewmembers regarding how to repair a broken ping pong table, failing to reasonably train its crewmembers to remove a broken ping pong table from service, failing to reasonably train its crewmembers regarding how to regularly inspect and maintain the ping pong table onboard the subject vessel, and failing to reasonably train its crewmembers regarding how to instruct passengers not to use a broken ping pong table.

29.     Due to the Defendant's negligent training of its crewmembers, the subject ping pong table in a state of dangerous disrepair remained out in the open and available for use by all passengers including the Plaintiff. Suddenly and without warning, the ping pong table collapsed as the Plaintiff attempted to use a ping pong paddle to strike a ping pong ball. When the table collapsed,

the Plaintiff fell forward and landed on the deck. The fall proximately caused injuries and damage to the Plaintiff including but not limited a fracture of the talus bone of the Plaintiff's ankle and damage to the cartilage underneath the talus bone. The fracture and cartilage damage cause the Plaintiff pain, stiffness, and decreased mobility on a daily basis. The Plaintiff's symptoms are ongoing and are expected to continue in the future.

30.      **DUTIES OWED BY THE DEFENDANT.**  The Defendant owed a "duty to exercise reasonable care for the safety of its passengers", including the Plaintiff herein. *See Hall v. Royal Caribbean Cruises, Limited*, 2004 WL 1621209 (Fla. 3d DCA 2004). The Defendant also owed a "duty to exercise reasonable care under the circumstances". *See Harnesk v. CELEBRITY Cruise Lines, Inc.*, 1991 WL 329584 (S.D. Fla. 1991). The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to, or may reasonably be expected to visit." *See Vierling v. Celebrity Cruises, Inc.,* 339 F.3d 1309 (11th Cir. 2003) ("Courts sitting in admiralty have long recognized an obligation on the part of a carrier to furnish its passengers with a reasonably safe means of boarding and leaving the vessel, that this obligation is non-delegable, and that even the slightest negligence renders a carrier liable."); *Carlisle v. Ulysses Line Limited*, 475 So.2d 248 (Fla. 3d DCA 1985).

31.      The Defendant breached those duties and was negligent by failing to reasonably train its crewmembers regarding how to repair a broken ping pong table, failing to reasonably train its crewmembers to remove a broken ping pong table from service, failing to reasonably train its crewmembers regarding how to regularly inspect and maintain the ping pong table onboard the subject vessel, and failing to reasonably train its crewmembers regarding how to instruct passengers not to use a broken ping pong table

32.     The Defendant had actual knowledge and/or constructive knowledge of the dangerous condition. The Defendant had actual knowledge of the dangerous condition because its crewmembers adjusted the ping pong table shortly before the Plaintiff's incident and could reasonably be expected to observe the dangerous condition. The Defendant had constructive knowledge of the dangerous condition by, inter alia, (a) the length of time the dangerous condition existed; (b) the nature of the dangerous condition; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity, and (d) this and other vessels in the Defendant's fleet have recreational equipment which requires regular maintenance and repair and the Defendant is therefore familiar with the need to reasonably train its crewmembers to inspect the equipment, repair the equipment, maintain the equipment, remove broken equipment, and prevent passengers from using broken equipment.

33.     The Defendant's negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; lost income in the past and lost income and income earning capacity in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past, and will continue to suffer them in the future.

WHEREFORE, the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic

damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and income earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

<u>**COUNT IV: NEGLIGENT SUPERVISION**</u>

34.     The Plaintiff, MATTHEW SCHULTZ, hereby adopts and re-alleges each and every allegation in paragraphs 1 through 13, above.

35.     This is an action for negligence based on the Defendant's negligent supervision of its crewmembers. The Defendant breached the duty of reasonable care owed under the circumstances and was negligent by failing to reasonably supervise its crewmembers to ensure that they were repairing the broken ping pong table, removing the broken ping pong table from service, regularly inspecting and maintaining the ping pong table onboard the subject vessel, and instructing passengers not to use a broken ping pong table.

36.     Due to the Defendant's negligent supervision of its crewmembers, the subject ping pong table in a state of dangerous disrepair remained out in the open and available for use by all passengers including the Plaintiff. Suddenly and without warning, the ping pong table collapsed as the Plaintiff attempted to use a ping pong paddle to strike a ping pong ball. When the table collapsed, the Plaintiff fell forward and landed on the deck. The fall proximately caused injuries and damage to the Plaintiff including but not limited a fracture of the talus bone of the Plaintiff's ankle and damage to the cartilage underneath the talus bone. The fracture and cartilage damage

cause the Plaintiff pain, stiffness, and decreased mobility on a daily basis. The Plaintiff's symptoms are ongoing and are expected to continue in the future.

37.    **DUTIES OWED BY THE DEFENDANT.**   The Defendant owed a "duty to exercise reasonable care for the safety of its passengers", including the Plaintiff herein. *See Hall v. Royal Caribbean Cruises, Limited*, 2004 WL 1621209 (Fla. 3d DCA 2004). The Defendant also owed a "duty to exercise reasonable care under the circumstances". *See Harnesk v. CELEBRITY Cruise Lines, Inc.*, 1991 WL 329584 (S.D. Fla. 1991). The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to, or may reasonably be expected to visit." *See Vierling v. Celebrity Cruises, Inc.,* 339 F.3d 1309 (11th Cir. 2003) ("Courts sitting in admiralty have long recognized an obligation on the part of a carrier to furnish its passengers with a reasonably safe means of boarding and leaving the vessel, that this obligation is non-delegable, and that even the slightest negligence renders a carrier liable."); *Carlisle v. Ulysses Line Limited*, 475 So.2d 248 (Fla. 3d DCA 1985).

38.    The Defendant breached those duties and was negligent by failing to reasonably supervise its crewmembers to ensure that they were repairing the broken ping pong table, removing the broken ping pong table from service, regularly inspecting and maintaining the ping pong table onboard the subject vessel, and instructing passengers not to use a broken ping pong table.

39.    The Defendant had actual knowledge and/or constructive knowledge of the dangerous condition. The Defendant had actual knowledge of the dangerous condition because its crewmembers adjusted the ping pong table shortly before the Plaintiff's incident and could reasonably be expected to observe the dangerous condition. The Defendant had constructive knowledge of the dangerous condition by, inter alia, (a) the length of time the dangerous condition existed; (b) the nature of the dangerous condition; and/or (c) the fact that the dangerous condition,

a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity, and (d) the vessels in the Defendant's fleet employ thousands of crewmembers and the Defendant is therefore aware that failing to supervise its crewmembers can and will result in the existence of dangerous conditions like the one in this case.

40.     The Defendant's negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; lost income in the past and lost income and income earning capacity in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past, and will continue to suffer them in the future.

WHEREFORE, the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and income earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

By: *s/John H. Hickey*
John H. Hickey (FBN 305081)
Hickey@hickeylawfirm.com
Hickey Law Firm, P.A.
1401 Brickell Avenue, Ste. 510
Miami, Florida 33131-3504
Telephone: (305) 371-8000
Facsimile: (305) 371-3542
*Attorneys for the Plaintiff*